**In the Matter of Roger and Jimel McKEON, Debtors.**

**Bankruptcy No. BK94–40125.**

United States Bankruptcy Court,
D. Nebraska.

June 13, 1997.

Michael Snyder, Kearney, NE, pro se.

Allan J. Eurek, Lincoln, NE, for Sherman County and Sherman County Sheriff.

Richard J. Butler, Chapter 7 Trustee.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This matter is before the court upon a Motion by Sherman County and the Sherman County Sheriff (the "Sheriff") to Set Aside a State Court Judgment of Amercement, and Resistance to the Motion by Attorney Michael Snyder.

During the pendency of this bankruptcy case, the debtors' former counsel, Michael Snyder ("Snyder"), reduced his allowed claim for attorney fees to judgment in bankruptcy court. Snyder docketed the bankruptcy court judgment in state court, obtained a writ of execution, and attempted to levy upon the debtors' property. The Sheriff failed to duly execute upon the writ and Snyder obtained a state court amercement judgment against the Sheriff. In this contested matter, the Sheriff and Sherman County seek to set aside the amercement judgment asserting that Snyder violated the Bankruptcy Code's automatic stay provisions by transcribing the bankruptcy court judgment to state court, by attempting to levy on the debtors' property, and by prosecuting the amercement action. I conclude that the automatic stay was not violated, and the Motion to Set Aside State Court Judgment is denied.

### Findings of Fact

After this bankruptcy case was commenced, Snyder was employed to represent the debtors. He assisted in preparation of an amended Chapter 12 plan which was confirmed on January 13, 1995.

In July of 1995, Snyder withdrew from representing the debtors. Snyder's application for allowance of fees of $4,250.36 was sustained. The bankruptcy court entered a judgment in favor of Snyder on November 29, 1995.

On December 13, 1995, Snyder transferred the judgment of the bankruptcy court to the District Court of Sherman County, Nebraska. Snyder filed a praecipe and caused a writ of execution to be issued against the debtors' property on December 14, 1995. He subsequently caused the writ to be delivered to the Sheriff, James Kugler. On December 27, 1995, at the insistence of Snyder, the Sheriff attempted to levy on the debtors' 1984 Kenworth Tractor, Model 1900, Red/White, VIN # 1XKWD29XXES314748 (the "Tractor"). The Tractor was valued in the debtors' schedules at $18,000.00, subject to a secured loan of $3,000.00. At the time of the attempted levy, the debtors were hauling

grain with the Tractor. The Sheriff allowed the debtors to retain possession of the Tractor in order to finish hauling the grain. The debtors agreed to turn the Tractor over to the Sheriff on the next day, but failed to do so. The Sheriff subsequently was unable to locate the Tractor.

On January 29, 1996, this bankruptcy case was converted from Chapter 12 to Chapter 7. Because of the conversion to Chapter 7, the Sheriff returned the outstanding writ of execution unserved. After the bankruptcy case was converted to Chapter 7, Snyder made no attempt to levy upon property of the bankruptcy estate or property of the debtors. However, he did actively pursue remedies against the Sheriff.

On February 23, 1996, Snyder filed a motion in the District Court of Sherman County, Nebraska to amerce the Sheriff.[1] On April 29, 1996, the district court entered a judgment of amercement in favor of Snyder and against the Sheriff in the amount of $4,250.35, plus costs and post-judgment interest.

Snyder proceeded to garnish the Sheriff's bank account and the Sheriff's wages from his employer, Sherman County. Sherman County's liability insurer, Scottsdale Insurance Company, paid the judgment of amercement. However, Scottsdale Insurance Company was reimbursed by Sherman County.

On February 5, 1997, Sherman County and the Sheriff filed a motion in Bankruptcy Court seeking to set aside the state court judgment of amercement under the supremacy clause of the United States Constitution asserting that the judgment violates the automatic stay of 11 U.S.C. § 362. They further request this court to exercise its power under 11 U.S.C. § 105(a), its own contempt powers, and 11 U.S.C. § 362(h), to compel Snyder to refund the amounts received in satisfaction of the judgment of amercement to the Sheriff and Sherman County, and to pay their attorney fees and expenses.

### Discussion

Sherman County and the Sheriff claim that the state court judgment should be set aside because Snyder's activities constitute a violation of the automatic stay of 11 U.S.C. § 362. I conclude that the automatic stay was not violated and that the motion to set aside judgment should be denied.

In applying section 362 to the facts of this case, it is important to keep certain critical facts in mind:

1. Snyder held a judgment for attorney fees which accrued after the bankruptcy petition was filed. Thus, he asserted a post-petition claim.

2. The Chapter 12 plan was confirmed prior to the entry of judgment and prior to Snyder taking any collection action.

3. Snyder took no action against the debtors or against property of the bankruptcy estate after the Chapter 12 bankruptcy case was converted to a Chapter 7 case. His actions were limited to filing and prosecuting the amercement action and attempting to collect the amercement judgment from the Sheriff or the Sheriff's creditors.

Section 362(a) of the Bankruptcy Code distinguishes between the concepts of "property of the debtor" and "property of the bankruptcy estate." With these distinctions in mind, I conclude that Snyder's actions in docketing the bankruptcy judgment in state court and his actions of obtaining a writ of execution and attempting to levy on the Tractor did not violate the automatic stay.

Subsection 362(a)(1) prohibits the commencement or continuation of actions against the debtor, or to recover a claim against the debtor, that arise before the commencement of the bankruptcy case. Subsection 362(a)(2) enjoins the enforcement of a judgment obtained before the commencement of the case against property of the estate. Because Snyder's claim for attorney fees arose, and the judgment was entered, after the commencement of the bankruptcy

---

**1.** Under Neb.Rev.Stat. § 25–1545, "If any sheriff or other officer shall refuse or neglect to execute any writ of execution to him directed which has come to his hands; ... such sheriff ... shall ... be amerced in the amount of said debt, damages and costs, ..."

case, I conclude that subsections 362(a)(1) and (2) were not violated.

 Subsections 362(a)(3) and (4) prohibit obtaining possession of property of the estate, exercising control over property of the estate, and creating, perfecting or enforcing any lien against property of the estate. Under 11 U.S.C. § 1227(b):

> Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

Upon confirmation of the Chapter 12 plan, all property of the estate vested in the debtors. Such vesting of property of the bankruptcy estate occurred even though the bankruptcy estate, in theory, continues to exist after confirmation. *Security Bank of Marshalltown, Iowa v. Neiman,* 1 F.3d 687 (8th Cir. 1993). Furthermore, the order confirming the Chapter 12 plan explicitly provided that the Tractor would be property of the debtors. Because the Tractor did not constitute property of the bankruptcy estate at the time of Snyder's attempt to levy, I conclude that sections 362(a)(3) and (a)(4) were not violated.

Subsections 362(a)(5) and (6) involve claims which arise before commencement of the bankruptcy case. Because Snyder's claim arose post-petition, I conclude that his actions did not violate § 362(a)(5) or (6).

 After the Chapter 12 bankruptcy case was converted to Chapter 7, Snyder took no action against the debtors, or against property of the bankruptcy estate. Snyder prosecuted an amercement action after the case was converted, however, I conclude that those activities did not violate the automatic stay. An amercement action is an action against a sheriff personally. It is a creature of statute that provides a remedy against the sheriff for failure to perform official duties. The amercement proceeding was not a suit against the debtors and it was not an action against property of the Chapter 7 bankruptcy estate. Accordingly, I conclude that Snyder's actions in connection with the amercement proceeding did not violate the automatic stay. Therefore, there is no basis for setting aside the state court judgment.

In concluding that a debtor's counsel is free to docket a bankruptcy court judgment for post-petition attorney fees in state court and to enforce the post-petition judgment against property of the debtor after confirmation of a Chapter 12 plan, I do not grant a broad license to counsel to actively pursue such remedies in situations other than those described in this case.

IT IS THEREFORE ORDERED, that the Motion to Set Aside Judgment of Amercement is denied.